UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,                                Case No. 08-cv-12805

       Plaintiff,                                              HONORABLE SEAN F. COX
                                                            United States District Judge
v.

CAMPS SERVICES, LTD., PROFESSIONAL
POOL TECHS, L.L.C., SCOTT S. CAMP,
individually, and MELODY CAMP,
individually,

       Defendants.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
AND GRANTING DEFENDANTS' MOTION TO WITHDRAW**

Plaintiff First National Insurance Co. ("First National") filed this breach of contract claim on July 1, 2008. The matter is currently before the Court on two motions: (1) First National's Motion to Strike Affirmative Defenses [Document No. 15], and (2) Defense Counsel Jaffe, Rait, Heuer & Weiss, P.C.'s ("Jaffe Rait") Motion for Leave to Withdraw as Counsel for the Defense [Document No. 18]. The parties have fully briefed the issues and hearing was held on December 11, 2008. For the following reasons, First National's Motion to Strike shall be **DENIED**, and Jaffe Rait's Motion for Leave to Withdraw, subject to the requirements stated below, will be **GRANTED**.

**I. BACKGROUND**

1

This is a breach of contract action arising out of Defendant Camps Services' ("Camps") alleged failure to indemnify First National for costs and expenses paid pursuant to "payment and performance" bonds First National issued for commercial swimming pool construction projects. On August 8, 2008, Camps filed its Answer to First National's Amended Complaint [Document No. 13]. Camps listed nine numbered paragraphs of Affirmative Defenses, as outlined below:

1. Any damages suffered by Plaintiff were due solely to intervening causes.
2. Plaintiff failed to state a claim upon which relief can be granted.
3. Plaintiff failed to mitigate its damages, if any, which resulted from any alleged conduct by Camps.
4. Plaintiff's claims are barred, in whole or in part, by their own actions.
5. Defendants have not breached any contractual relationship with Plaintiff.
6. Plaintiff's complaint must be dismissed because Plaintiff has incurred no damages as a result of any alleged contractual breach of contractual relationship with Camps.
7. Plaintiff's claimed damages, if any, were caused by the acts, errors, or omissions of other persons.
8. Plaintiff's claim may be barred, in whole or in part, by the statute of limitations.
9. Plaintiff's claims may be barred, in whole or in part, by their own actions.

[Document No. 13, p. 17-18]. First National contends that these statements, by themselves, fail to comport with the "plausible claim of relief" requirement for pleadings articulated by the Supreme Court in *Bell Atlantic v. Twombley*, 550 U.S. 554 (2007). At the December 11, 2008 hearing, Defense counsel stipulated to the dismissal of Affirmative Defense Numbers five (5) and eight (8), but argues that the remaining Affirmative Defenses comport with the pleading requirements of Fed.R.Civ.P. 8(c).

On October 22, 2008, Jaffe Rait, filed their Motion to Withdraw as Counsel [Document No. 18]. Camps is in the process of closing its business, and bankruptcy filings by the

defendants are alleged to be imminent.  Defendants have advised Jaffe Rait they are unable to pay for continued legal services, and that Camps requests Jaffe Rait be allowed to withdraw as their counsel.

## II.  ANALYSIS

For the reasons that follow, the Court will **DENY** First National's Motion to Strike Affirmative Defenses, and subject to the requirements described below, will **GRANT** Jaffe Rait's Motion to Withdraw as Counsel for the Defense.

### A.  First National's Motion to Strike Affirmative Defenses

First National primarily relies upon the Supreme Court's decision in *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S.Ct. 1955 (2007), in arguing why the Court should grant their Motion to Strike.

The Supreme Court in *Twombley* was interpreting the pleading requirements set forth in Fed.R.Civ.P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief..."  In interpreting this "short and plain statement" requirement, *Twombley* rejected the Supreme Court's previous holding in *Conley v. Gibson*, 355 U.S. 41 (1957).  *Conley* noted that "a complaint should not be dismissed...unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 46.  Instead of the previous "no set of facts" standard in *Conley*, the Court in *Twombley* moved to a requirement that the facts alleged create a "reasonably founded hope" of making the party's case.  *Twombley*, 127 S.Ct. at 1968.

First National is correct that *Twombley* raised the requirements for a well-pled complaint under Fed.R.Civ.P. 8(a)'s "short and plain statement" requirement. Similar, though not identical, language appears in Rule 8(b)'s requirement that a defendant's answer "state in short and plain terms its defense to each claim asserted against it." Fed.R.Civ.P. 8(b)(1)(A). No such language, however, appears within Rule 8(c), the applicable rule for affirmative defenses. As such, *Twombley*'s analysis of the "short and plain statement" requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c).

In *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir.1998), the Sixth Circuit evaluated an affirmative defense by a defendant which simply stated "Plaintiffs' claims are barred by the doctrine of res judicata." The court there held that the pleading was sufficient because it gave the plaintiff notice of the defense. *Davis*, 148 F.3d at 612. The affirmative defenses laid out by Camps in this case are similar to those in *Davis*, and provide adequate notice to First National. For that reason, First National's Motion to Strike will be **DENIED**.

### B.  Jaffe Rait's Motion for Leave to Withdraw as Defense Counsel

Under Local Rule 83.3(d), Motions to Withdraw are granted "by leave of Court." Present at the December 11, 2008 hearing was Mr. Scott S. Camp, one of the defendants in the action, who stated he had authority to speak on behalf of all named defendants. Mr. Camp agreed that the defendants wished to allow Jaffe Rait to withdraw as their counsel. The request was not opposed by First National.

At the December 11, 2008 hearing, the Court was made aware by First National that several discovery requests they had made of the defendants are still outstanding. The Court will

grant leave for Jaffe Rait to withdraw as counsel for the defendants, but only after it has complied with all outstanding discovery requests.  Accordingly, the Court orders the defendants to respond within twenty-one (21) days to any pending discovery requests.  Upon completion, the Court will **GRANT** leave for Jaffe Rait to withdraw as counsel for the defense, and will grant the defendants thirty (30) days within to retain alternate counsel, provided the defendants immediately supply the Court with their current mailing addresses so that the Court may serve them with any paperwork filed in the interim.

### III.  CONCLUSION

For the reasons explained above, First National's Motion to Strike [Document No. 15] shall be **DENIED**, and Jaffe Rait's Motion for Leave to Withdraw [Document No. 18], subject to the requirements explained above, will be **GRANTED**.

**IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  January 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager